IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| STATE FARM FIRE AND CASUALTY COMPANY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 11-2056-STA-tmp |
|  | ) |  |
| VINCENT BONETTI and TEIG PEPPERS, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

---

ORDER DENYING DEFENDANT TEIG PEPPERS' MOTION TO STAY DISCOVERY
AND TO MODIFY SCHEDULING ORDER

---

Before the Court is Defendant Teig Peppers' ("Defendant") Motion to Stay Discovery and to Modify the Scheduling Order (D.E. # 18), filed on December 12, 2011. Plaintiff filed a Response to Defendant's Motion (D.E. # 19) pm December 16, 2011. For the reasons set forth below, Defendant's Motion is **DENIED**.

BACKGROUND

Plaintiff filed a Complaint for Declaratory Judgment on January 25, 2011, seeking for the Court to declare the meaning of the homeowner's insurance policy taken out by Defendant and determine whether the policy covers Defendant in a corresponding state tort suit. (D.E. # 1.) According to the Complaint, "Defendant has demanded that Plaintiff . . . provide a defense and coverage for [a personal injury lawsuit] filed against him by Vincent Bonetti [("Bonetti")]." (*Id.* at 2.) Plaintiff "contends and asserts that it has no duty under [this insurance policy] to defend

1

and/or indemnify [Defendant] under the facts alleged in the Complaint filed by Bonetti."[1] (*Id.* at 3.)

Although Defendant filed an Answer on March 15, 2011 (D.E. # 11), the Complaint also named Bonetti as a defendant. However, default judgment was entered against Bonetti on April 12, 2011 (D.E. # 16), and Defendant is the only defendant remaining in this lawsuit. After entry of the Scheduling Order on April 13, 2011 (D.E. # 17), the docket reflects no activity until the filing of the Motion to Stay now before the Court.

## ANALYSIS

A stay of a civil case is an extraordinary remedy that should be granted only when justice so requires.[2] While nothing in the Constitution requires a civil action to be stayed in the face of a pending criminal case, a court still has broad discretion in determining whether to stay a civil action while a corresponding criminal case is pending.[3] Simultaneous criminal and civil cases involving the same or closely related facts may give rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings.[4] Courts evaluate whether to stay proceedings in light

---

[1] Bonetti's complaint against Defendant alleges that Defendant physically attacked Bonetti, causing him severe personal injuries. (*Id.* at 4.)

[2] *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007).

[3] *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Indeed, "in the absence of substantial prejudice to the rights of the parties involved, parallel criminal and civil proceedings are unobjectionable." *Chao*, 498 F. Supp. 2d at 1037 (quotation and internal punctuation omitted).

[4] *Id.*

of the particular circumstances of each case.⁵ Courts should consider several factors in determining whether to grant a stay:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to the plaintiffs caused by the delay; (4) the private interests of, and burden on, the defendants; (5) the interests of the courts; and (6) the public interest.⁶

Additionally, Local Rule 7.2(a)(1) provides that acceptable motions in civil cases "include or are accompanied by a supporting memorandum of facts and law (so identified)."⁷ Therefore, motions which do not comport with this requirement are unacceptable under the Local Rules.⁸

Defendant presents the Court with three numbered paragraphs in the body of his Motion. In the first, he notes that he is "charged with aggravated assault in the Criminal Court of Shelby County."⁹ In the second, he states that "[t]he trial in the Criminal Court is set for April 23, 2012."¹⁰ Finally, he concludes his Motion with his request for relief, praying "that all proceedings, including discovery, be stayed until such time as the case in Criminal Court is

---

⁵ *Eastwood v. United States*, No. 2:06-cv-164, 2008 WL 5412857, at *2 (E.D. Tenn. Nov. 14, 2008).

⁶ *Trs. of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) (cited with approval by several district courts in the Sixth Circuit, including the Eastern and Western District of Michigan, the Southern District of Ohio, and the Eastern District of Tennessee).

⁷ L.R. 7.2(a)(1).

⁸ *Id.*

⁹ (Def.'s Mot. for Stay, D.E. # 18, at 1.)

¹⁰ (*Id.*)

3

concluded."[11] Notably, Defendant did not cite any legal authority in his Motion or mention the civil action between himself and Bonetti currently pending in Shelby County Circuit Court.

In response, Plaintiff argues that Defendant's Motion should be denied for two reasons. First, Plaintiff avers that "the motion is not accompanied by a memorandum of law and facts in support" and that it therefore fails to comply with the requirements of Local Rule 7.2(a)(1).[12] Second, Plaintiff argues that Defendant's Motion "does not set forth a 'good cause' basis upon which to justify a stay beyond the mere conclusory statement that a criminal case is pending."[13] Additionally, Plaintiff avers that the case need not be stayed to prevent interference with Defendant's Fifth Amendment right against self-incrimination, as he has participated in discovery in the civil tort litigation case.[14] Moreover, Defendant pled the affirmative defense of self defense in his Answer, which Plaintiff interprets as an extension of the scope of criminal discovery and a waiver of Defendant's Fifth Amendment rights.[15]

At the outset, the Court denies Defendant's Motion on the procedural grounds raised by Plaintiff. Defendant's Motion has failed to comply with Local Rule 7.2(a)(1), as it does not contain any citation to legal authority or a memorandum of facts and law. Furthermore, the Court also denies Defendant's Motion on the merits. Defendant has not demonstrated good cause for the Court to grant his Motion, and the Court finds that a stay would be inappropriate.

---

[11] (*Id.*)

[12] (Pl.'s Resp. to Def.'s Mot., D.E. # 19, at 3.)

[13] (*Id.*)

[14] (*Id.* at 3-4.)

[15] (*Id.* at 4.) The Court expresses no opinion on whether Defendant has waived his Fifth Amendment right against self-incrimination.

First, the Court notes that the state criminal case, the state tort case, and the federal declaratory judgment action before the Court arise from the same factual incident: the altercation between Defendant and Bonetti. But the character of these suits is very different. The case before this Court is a declaratory judgment to determine the meaning of Defendant's homeowner's insurance policy and whether Plaintiff will be required to cover Defendant's potential liability in the state court actions. The state cases concern Defendant's personal civil and criminal liability. Thus, while Defendant's ultimate civil or criminal liability will be determined by the state court system, this Court has jurisdiction to declare the meaning of his insurance policy. Therefore, while the issues in the state criminal and civil cases and the case before this Court may overlap to a certain extent, they do not overlap enough so as to require a stay of the federal proceedings.

Second, Defendant has stated that the criminal case is set for trial in April of 2012. That date is fast approaching, and the Court expects that some criminal discovery is already underway. Additionally, Plaintiff pointed out that discovery has begun in the state tort case, and Defendant has "answered under oath written discovery requests in the underlying tort litigation, including a detailed statement of how the incident occurred and his involvement in it."[16] As such, Defendant has expanded the scope of discovery in the criminal case against him to include this statement, and that information would presumably be available to Plaintiff in the case at bar as well. Additionally, Defendant pled the affirmative defense of self defense in his Answer in the case before the Court. Therefore, he has revealed his defense strategy, and allowing this case to continue will not reveal information which is not already available. Although the facts of the

---

[16] (Pl.'s Resp. to Def.'s Mot., D.E. # 19, at 4.)

state and federal cases are closely related, this prior discovery, combined with Defendant's pleadings in the case at bar, lead the Court to conclude that ongoing federal litigation will not implicate Defendant's Fifth Amendment rights.

Furthermore, Plaintiff, as Defendant's insurance company, faces substantial costs "in the defense [to] be provided to its insured under reservation of rights in the pending civil action in state court."[17] Plaintiff has an interest in the timely delineation of its rights and obligations under the homeowner's insurance agreement. After weighing this interest against Defendant's interest and taking into account all other relevant circumstances, the Court finds that Defendant has not demonstrated good cause as to why a stay would be merited in this case. Nor do the factors listed in *Transworld* weigh in favor of a stay. Therefore, Defendant's Motion for a Stay is **DENIED**.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **DENIED**. Plaintiff shall have sixty (60) days from the entry of this order to take the depositions of Defendant and Bonetti, and dispositive motions shall be due thirty (30) days after the depositions are completed.

**IT IS SO ORDERED.**

                                           **s/ S. Thomas Anderson**
                                           S. THOMAS ANDERSON
                                           UNITED STATES DISTRICT JUDGE

                                           Date: December 27, 2011.

---

[17] (*Id.*)